1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8               FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    WILHELMINA TRIMBLE,                      No.  2:13-cv-1778-EFB

11              Plaintiff,

12       v.                                    ORDER

13    CAROLYN W. COLVIN, Acting
      Commissioner of Social Security,
14
                Defendant.
15

16

17           Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

18    ("Commissioner") denying her applications for a period of disability and Disability Insurance

19    Benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the

20    Social Security Act.  The parties have filed cross-motions for summary judgment.  For the

21    reasons discussed below, the court grants plaintiff's motion, denies defendant's motion, and

22    remands the matter for further proceedings.

23    I.     BACKGROUND

24           Plaintiff filed applications for a period of disability, DIB, and SSI on March 24, 2011,

25    2011, alleging that she had been disabled since December 15, 2010.  Administrative Record

26    ("AR") 172-185.  Plaintiff's applications were denied initially and upon reconsideration.  *Id*. at

27    87-91, 94-99.  On February 14, 2012, and July 2, 2012, hearings were held before administrative

28    law judge ("ALJ") Trevor Skarda.  *Id*. at 29-67.  Plaintiff was represented by counsel at the

                                                1

hearings, at which she and a vocational expert ("VE") testified. *Id*.

On July 19, 2012, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1]  *Id.* at 12-24.  The ALJ made the following specific findings:

1.   The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.

2.   The claimant has not engaged in substantial gainful activity since December 15, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.   The claimant has the following severe impairments: plantar fasciitis, Achilles contractures, obesity, and hypertension (20 CFR 404.1520(c) and 416.920(c)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

\* \* \*

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5.  After careful consideration of the entire record, the undersigned find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).  The claimant may occasionally climb, balance, stoop, kneel, crouch, and crawl.  She must avoid concentrated exposure to extreme cold.  She must avoid moderate exposure to wetness and humidity.  She requires a handheld assistive device for ambulation for any distance that exceeds 100 feet.

\* \* \*

6.  The claimant is capable of performing past relevant work as a customer service supervisor.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

\* \* \*

7.  The claimant has not been under a disability, as defined in the Social Security Act, from December 15, 2010, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 14-23.

Plaintiff's request for Appeals Council review, *id*. at 8, was denied on July 18, 2013, leaving the ALJ's decision as the final decision of the Commissioner of the Social Security.  *Id*. at 1-5.

II.      LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

/////

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.   ANALYSIS

Plaintiff argues that the ALJ erred in (1) rejecting her treating and examining physicians' opinions that she has standing and walking limitations; (2) failing to consider whether plaintiff meets or equals Listing 1.02A; and (3) failing to consider the side effects of plaintiff's medications.

Plaintiff argues that the ALJ erred by rejecting the medical opinions of treating physician Dr. Tanson and examining physician Dr. Van Kirk without providing legally sufficient reasons. ECF No. 14-1 at 12-14. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1295 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are

1    supported by substantial evidence.  *Id.* at 830.  While a treating professional's opinion generally

2    is accorded superior weight, if it is contradicted by a supported examining professional's opinion

3    (*e.g.,* supported by different independent clinical findings), the ALJ may resolve the conflict.

4    *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d

5    747, 751 (9th Cir. 1989)).  However, "[w]hen an examining physician relies on the same clinical

6    findings as a treating physician, but differs only in his or her conclusions, the conclusions of the

7    examining physician are not 'substantial evidence.'"  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir.

8    2007).

9          On October 24, 2011, plaintiff's treating physician Dr. Gabriel Tanson completed a

10   medical report of work-related impairments.  AR 311-315.  He indicated that he had been treating

11   plaintiff since February 2011.  *Id*. at 311.  He diagnosed plaintiff with plantar fasciitis, Achilles

12   contractures, metatarsalgia, and Morton's neuroma, which he treated with pain medication,

13   podiatry care, a right foot boot, and Achilles stretching.  *Id*.  Dr. Tanson opined that plaintiff

14   could occasionally lift up to 10 pounds, but never carry any weight; could sit, stand, and walk for

15   one hour in an eight-hour workday; occasionally perform simple grasping with her right hand;

16   occasionally push and pull; and occasionally stoop, but never climb, crouch, kneel, or crawl.  *Id*.

17   at 12-13.  He further opined that plaintiff should avoid all exposure to heights and moving

18   machinery, and avoid concentrated exposure to vibrations, noise, dust, fumes, odors, and smoke.

19   *Id*. at 314.

20         Plaintiff underwent a comprehensive orthopedic evaluation on March 6, 2012, by Dr. Dale

21   Van Kirk.  *Id*. at 370.  Dr. Van Kirk diagnosed plaintiff with Achilles tendonitis in her right ankle,

22   and chronic lumbosacral musculoligamentous strain/sprain.  *Id*. at 373.  On examination, plaintiff

23   displayed satisfactory tandem walking and toe and heel walking, but could only squat one-third of

24   the way due to pain.  *Id*. at 372.  She had full range of motion on her left side, but reduced range

25   of motion in her right ankle.  *Id*. at 372-373.  Her motor strength, sensation, and reflexes were

26   normal; however, Dr. Kirk did not test the right ankle because of pain.  *Id*. at 373.  In his narrative

27   report, Dr. Kirk opined that plaintiff could stand and/or walk for six hours in an eight-hour day;

28   sit without limitations; lift 10 pounds frequently and 20 pounds occasionally, and occasionally

1  bend, stoop, crouch, climb, kneel, balance, crawl, and push or pull.  *Id*. at 373-374.  He further

2  opined that plaintiff should use her fracture boot to help decrease pain when walking on uneven

3  terrain, use her cane for ambulation, and avoid extreme cold and/or damp environments.  *Id*. at

4  373.

5      Dr. Kirk also completed a check-box form statement.  *Id*. at 636-638.  He indicated that

6  plaintiff could only sit, stand, and walk for one hour at a time without interruption, walk only 100

7  feet without the use of a cane, and would not be able to walk a block at a reasonable pace on

8  rough or uneven surfaces due to right ankle pain.  *Id*. at 368.

9      In assessing plaintiff's RFC, the ALJ accorded "very little weight" to Dr. Tanson's

10  opinion, while giving significant weight to Dr. Kirk's narrative opinion.  *Id*. at 21-22.  However,

11  the ALJ gave reduced weight to Dr. Kirk's opinion that plaintiff could only walk, stand, or sit for

12  one hour at a time.  *Id*. at 21.

13      Plaintiff first argues that the ALJ erred by ignoring Dr. Kirk's opinion that plaintiff could

14  not walk a block at a reasonable pace on rough or uneven surfaces.  ECF No. 14-1 at 14.  Plaintiff

15  contends that by ignoring this opinion, the ALJ failed to meet his burden of providing specific

16  and legitimate reasons for his implicit rejection of the finding.  *Id*.

17      The Commissioner does not dispute that the ALJ failed to address Dr. Kirk's opinion that

18  plaintiff lacked the ability to walk one block on rough or uneven terrain.  The Commissioner,

19  however, attempts to side-step the problem by contending that the "ALJ properly distinguished

20  Dr. Van Kirk's narrative opinion from the check-box form, and where they diverged [the ALJ]

21  logically gave more weight to the narrative opinion and reduced weight to the form."  ECF No. 15

22  at 6.  The ALJ, however, did not state that he was according superior weight to Dr. Kirk's

23  narrative opinion.  Nor did he identify or acknowledge any conflict between Dr. Kirk's narrative

24  opinion and the check the box opinion.  Instead, the ALJ singled out an opinion from the check-

25  box form—the opinion that plaintiff could only sit, stand, and walk for one hour at a time—and

26  explained that the opinion was given reduced weight because it was not supported by plaintiff's

27  normal gait findings, minimal radiological findings, and conservative treatment.  AR 21.

28  /////

Furthermore, Dr. Kirk's opinion that plaintiff lacked the ability to walk a block at a reasonable pace on rough or uneven surfaces does not appear to be inconsistent with any of the limitations discussed in his narrative opinion.  In his narrative opinion, Dr. Kirk stated that plaintiff should use her fracture boot and cane "mainly when she is out and about for even and uneven terrain" to reduce pain in her right ankle.  *Id.* at 374.  Dr. Kirk's finding that plaintiff would need assistive devices for walking on both even and uneven surfaces is not inconsistent with his opinion that plaintiff cannot walk a block at a reasonable pace on rough or uneven surfaces.  Furthermore, while the ALJ found that plaintiff should use a handheld assistive device when walking more than 100 feet, his RFC does not include the need to use an assistive boot for ambulation.[2]  Therefore, inconsistency in the opinion cannot serve as a "clear and convincing," or even "specific and legitimate" explanation for rejecting Dr. Kirk's opinion.

The ALJ failed to provide reasons for implicitly rejecting portions of Dr. Kirk's opinion regarding plaintiff's limitations in ambulation.  Accordingly, the matter must remanded for further consideration of the medical evidence.[3]

IV.     CONCLUSION

The ALJ erred by not providing legally sufficient reasons for rejecting Dr. Kirk's opinion.  Therefore, it is hereby ORDERED that:

1.  Plaintiff's motion for summary judgment is granted;

2.  The Commissioner's cross-motion for summary judgment is denied;

3.  The matter is remanded for further proceedings consistent with this order; and

/////

/////

/////

---

[2]  In his decision, the ALJ states that his opinion accounted for Dr. Kirk and Dr. Tanson's finding that plaintiff needed a cane and Cam boot.  AR 22-23.  However, the ALJ's RFC determination only states that plaintiff needs a handheld assistive devise for ambulation greater than 100 feet.  The RFC makes no mention of the need for a Cam boot.

[3]  As the matter must be remanded for further consideration of the medical record, the court declines to address plaintiff's remaining argument.

1          4.  The Clerk is directed to enter judgment in the plaintiff's favor.

2    DATED:  March 19, 2015.

3

4                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28